UNITED STATES COURT OF APPEALS
For the Fifth Circuit

_____

No. 01-31445
_____


KENNETH G. HUNTER,

Plaintiff-Appellant,

VERSUS


SOUTHERN UNIVERSITY, through,
THE BOARD OF SUPERVISORS,
DAMIEN EJIGIRI,
VALENTINE JAMES, and
BRENDA BIRKETT

Defendants-Appellees.



_____

Appeal from the United States District Court for the
Middle District of Louisiana, Baton Rouge
00-CV-869-D

_____
August 1, 2002



Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[1]

Kenneth G. Hunter appeals the dismissal of his lawsuit
challenging the termination of his employment as an associate

_____

[1] Pursuant to 5th Cir. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

professor in the Nelson Mandela School of Public Policy and Urban Affairs at Southern University. The district court dismissed Hunter's lawsuit for failure to timely file his opposition to the defendants' motion to dismiss under local rule 7.5M. We pretermit the district court's procedural ruling and affirm on the merits.

## I.

Hunter alleges that he was terminated due to reverse discrimination. He brought this suit alleging violations of 42 U.S.C. §§ 1981 and 1983 as well as the first, fourteenth, and fifteenth amendments.

On August 22, 2001, defendants filed a motion to dismiss for failure to state a claim upon which relief could be granted. Under the court's Local Rule 7.5M, parties wishing to oppose a motion have twenty days to respond unless the court grants additional time. The court granted Hunter's September 12th motion for extension of time to reply, extending the deadline to October 16th. Plaintiff failed to meet this deadline. On October 18th, two days after the deadline, Hunter's counsel filed a motion for leave of court to file a late opposition, which the court denied. The district court granted defendants' motion to dismiss on the basis of Rule 7.5M and on the merits. Hunter appeals.

## II.

The district court was entitled to consider appellee's motion to dismiss for failure to state a claim as an unopposed motion because appellant failed to file a timely opposition to the motion.

On the merits, we agree with the district court that appellant's action should be dismissed as against Southern and the members of the Board of Supervisors in their official capacity. Southern University is an arm of the State and that entity along with its Board of Supervisors when sued in their official capacity are entitled to Eleventh amendment immunity.[2]

Appellant also sued the members of the Board of Supervisors in their individual capacities. These defendants, of course, are entitled to qualified immunity but we are unable to discern any basis upon which the district court could have dismissed this action against these defendants on a 12(b)(6) motion predicated on qualified immunity.

Accordingly, we affirm the dismissal of Southern University and its Board of Supervisors in their official capacity but vacate the dismissal against the individual members of the Board of Supervisors in their individual capacities. We must, therefore, remand this action for further proceedings against the individual members of the Board of Supervisors to the extent they are sued in their individual capacities.

AFFIRMED IN PART. REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

---

[2]See <u>Richardson v. Southern University</u>, 118 F.3d 450 (5th Cir. 1997).